

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2004

# Assoc ACC Intl Ltd v. DuPont Flooring Sys

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1593

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Assoc ACC Intl Ltd v. DuPont Flooring Sys" (2004). *2004 Decisions.* Paper 1097.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1097

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1593
_____

ASSOCIATED/ACC
INTERNATIONAL, LTD,

Appellant

v.

DUPONT FLOORING SYSTEMS
FRANCHISE COMPANY, INC.;
DUPONT COMMERCIAL FLOORING
SYSTEMS INC.; DUPONT FLOORING
SYSTEMS, INC.

_____

On Appeal from the United States District Court
for the District of Delaware
District Judge: The Honorable Joseph J. Farnan, Jr.
(D.C. No. 99-CV-00803)

_____

Submitted pursuant to Third Circuit LAR 34.1(a)
on January 9, 2004

Before: BARRY and SMITH, *Circuit Judges*,
and POLLAK, *District Judge**

(Filed: January 12, 2004)

_____

_____

*The Honorable Louis H. Pollak, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

_____

SMITH, *Circuit Judge.*

Plaintiff Associated/ACC International, Ltd. ("Associated") initiated this diversity suit alleging breach of contract, tortious interference with that contract, fraud, and defamation against DuPont Flooring Systems Franchise Co., Inc., DuPont Commercial Flooring Systems, Inc., and DuPont Flooring Systems, Inc. ("DuPont Defendants").[1]

The contract at issue was executed on September 17, 1998, establishing Associated as a franchisee of DuPont Flooring Systems Co., Inc. Exhibit four to the franchise agreement, titled Special Stipulations, detailed additional provisions unique to the Associated franchisee agreement including the "Handling of Business Leads." Under this provision the parties agreed that

> [Associated] and [DuPont Flooring Systems Franchise Co., Inc.] shall, as set forth below, share leads that they uncover to business in these market segments. It is not intended or expected that [Associated] or Owned Operation shall forgo or refrain from bidding on any business they feel competent to handle; rather, the purpose of this exchange of leads is to insure that each client receives the best possible service from DuPont Flooring Systems and its franchise members.
>
> (a)    All Owned Operations locations will be informed of [Associated's] status as a National Retail Store Specialist and will be encouraged to inform [Associated] of leads that they uncover involving business in this segment, with the exception of business involving relationships strategic to its business . . . .

_____

[1]The District Court properly exercised jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

An "Owned Operation" is a DuPont owned local store.

The relationship between Associated and the DuPont Defendants deteriorated and Associated filed the present lawsuit on November 23, 1999. Associated claimed that: (1) the DuPont Defendants breached their contract by failing to adequately encourage Owned Operations to share leads with Associated; (2) the DuPont Defendants made fraudulent and/or negligent misrepresentations during and prior to contract negotiations; (3) DuPont Commercial Flooring Systems, Inc. and Dupont Flooring Systems, Inc. tortiously interfered with the contract between Associated and DuPont Flooring Systems Franchise Co.; and (4) Dupont Flooring Systems, Inc. defamed Associated. Defendants counterclaimed for defamation and breach of contract, and sought to have the contract terminated.

The DuPont Defendants filed a motion for summary judgment on all of Associated's claims as well as the DuPont Defendants' counterclaims.[2] The District Court granted summary judgment in favor of the DuPont Defendants on all counts on March 28, 2002. The District Court rejected Associated's claim that the term "encourage" was ambiguous and found that the DuPont Defendants had submitted sufficient evidence to show that they had not breached their contract with Associated. In addition, the District Court concluded that Associated's fraudulent misrepresentation

---

[2] Associated does not challenge on appeal the District Court's grant of summary judgment in favor of the DuPont Defendants' breach of contract counterclaim. The District Court denied the DuPont Defendants' motion for summary judgment on their defamation counterclaim.

claim could not survive summary judgment because Associated's reliance on allegedly fraudulent misstatements made by DuPont officials as to the definition of "encourage," was not justifiable in light of the unambiguous contract provision. Subsequently, the District Court entered a final judgment order, granting the DuPont Defendants $27,154.95 in damages, plus interest at a rate of eighteen percent per annum, on January 28, 2003.[3] Associated filed a timely notice of appeal on February 21, 2003.[4]

## I.

We exercise plenary review over the District Court's grant of summary judgment, applying the same standard as the District Court. *Kane v. BOC Group, Inc.*, 234 F.3d 160, 162 (3d Cir. 2000). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. Proc. 56(c). A genuine issue of material fact exists where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II.

---

[3] The judgment awarded defendants two-thirds of their claimed $388,433.17 attorneys' fees and costs.

[4] Associated's brief addresses only the District Court's grant of summary judgment on the issues of defendants' breach of contract and fraudulent and/or negligent misrepresentation. Our analysis is therefore limited to those issues. *Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief . . . .").

As the Supreme Court of Delaware explained, "[i]t is an elementary canon of contract construction that the intent of the parties must be ascertained from the language of the contract." *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 822 (Del. 1992) (citing *Myers v. Myers*, 408 A.2d 279 (Del. 1979)); *DuPont v. Wilmington Trust Co.*, 45 A.2d 510 (Del.Ch. 1946)).[5] Where the language is unambiguous, the Court may not look beyond the language of the contract. *Capital Mgmt. Co. v. Brown*, 813 A.2d 1094, 1097 (Del. 2002). Language is unambiguous where "a reasonable person in the position of either party would have no expectations inconsistent with the contract language." *Eagle Industries, Inc. v. DeVilbiss Health Care, Inc.*, 702 A.2d 1228, 1232 (Del. 1997).

Associated contends that the term "encourage" is ambiguous because it can mean both the meaning ascribed by the District Court–"to spur on" or "to stimulate" an individual to act–and "to impel," "to push," "to force." We disagree. A reasonable person would expect that the term "encourage" means "to spur on" or "to stimulate." This is the term's common and ordinary usage. Because we find the term to be unambiguous, we decline to consider any extrinsic evidence regarding its meaning. *Capital Mgmt.*, 813 A.2d at 1097.

We then turn to the question of whether, on this definition of encourage, defendants are entitled to summary judgment. Summary judgment must be entered

---

[5]The parties agree that the contract is governed by Delaware law.

against a party who bears the burden of proof at trial but fails to establish the existence of evidence necessary for an essential element of that case. *Celotex*, 477 U.S. at 322. Here, Associated must show that defendants actually breached the contract by failing to encourage Owned Operations to turn over business leads, applying the ordinary definition of "encourage." Associated asserts that the fact that it received no viable leads from defendants is proof that the defendants did not adequately encourage its Owned Operations to forward leads. Associated, however, did not provide any factual basis for a connection between the lack of leads and defendants' alleged lack of encouragement. *Out Front Prod., Inc. v. Magid*, 748 F.2d 166, 172 (3d Cir. 1984)("a party resisting the motion cannot expect to rely merely on bare assertions, conclusory allegations or suspicions.") (emphasis omitted). Defendants, in contrast, put forward evidence that they did encourage their Owned Operations to turn over leads. This consisted primarily of a memo from the Dupont Defendants to their Owned Operations location managers, announcing the relationship established between the DuPont Defendants and Associated. The memo explained how and why the Owned Operations managers should turn over new business leads to Associated. Additionally, the DuPont Defendants informed suppliers of the new relationship, outlined the relationship in its newsletter, provided Associated a chance to speak with defendants' entire network, and explained the relationship between the DuPont Defendants and Associated at their national meeting.[6] Associated has

---

[6] Federal Rule of Civil Procedure 56(a) specifically allows answers to interrogatories to be used in support of a motion for summary judgment. We therefore reject Associated's

provided no evidence which disputes these facts. The District Court's grant of summary judgment in defendants' favor was therefore proper.

III.

Associated next claims that statements made by Ron Rose, President of DuPont Flooring Systems Franchise Co., Inc., during negotiations for the contract in question were false and fraudulently misled plaintiff as to the meaning of the term "encourage." Because we find the term "encourage" to be unambiguous, we reject Associated's fraudulent misrepresentation claim.

One element of the prima facie case for fraudulent misrepresentation is that Associated's reliance on the alleged misrepresentations must be justifiable reliance. *Lord v. Souder*, 748 A.2d 393, 402 (Del. 2000). In light of our holding that the term "encourage" is unambiguous, Associated's claim must fail. We agree with the District Court that "[i]t was unreasonable for [p]laintiff to have simply accepted Mr. Rose's alleged representations as to the meaning of 'encouraged,' when such interpretation contradicts the meaning that an ordinary person would ascribe to it." Because any reliance on a novel interpretation of "encouraged" was unreasonable, Associated could not establish a prima facie case. *Lord*, 748 A.2d at 402. We therefore affirm the District Court's grant of summary judgment in favor of the defendants on Associated's fraudulent misrepresentation claim. *Celotex*, 477 U.S. at 322.

---

contention that the District Court erred in relying on defendants' answer to plaintiff's interrogatories. Fed. R. Civ. Proc. 56(a).

7

For the foregoing reasons, we will affirm the judgment of the District Court.


TO THE CLERK:

Please file the foregoing opinion.

By the Court,

　/s/ D. Brooks Smith
Circuit Judge